UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:13-CV-13286-FDS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>and<br><br>AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH,<br><br>Intervenor-Plaintiffs,<br><br>vs.<br><br>THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION,<br><br>Defendants/Counterclaim-Plaintiffs<br><br>and<br><br>DEVAL PATRICK, in his official capacity as GOVERNOR, COMMONWEALTH OF OF MASSACHUSETTS,<br><br>Defendants. | **THE TOWN OF AQUINNAH'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

The Town of Aquinnah (the "Town") petitions the Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for

a Temporary Restraining Order and/or a Preliminary Injunction enjoining the Wampanoag Tribe of Gay Head (Aquinnah), the Wampanoag Tribal Council of Gay Head, Inc., and the Aquinnah Wampanoag Gaming Corporation (collectively, the "Tribe") from undertaking any further construction activity on its unfinished community center building – which is known as the "WCC" – which the Tribe unilaterally claims that it has "re-purposed" as a casino pending this Court's ruling on the merits of this action. (Argument on Cross Motions for Summary Judgment is currently scheduled for August 12, 2015.) Construction commenced on July 6, 2015, despite the Town's issuance of a cease and desist order from its Assistant Building Inspector.

The Town's motion should be granted because:

1) The current status quo – that the Tribe must secure Town permits (as established by this Court's rulings on the motions to dismiss and by the Supreme Judicial Court in <u>Building Inspector and Zoning Officer of Aquinnah v. Wampanoag Aquinnah Shellfish Hatchery Corp., Inc.</u>, 443 Mass. 1 (2004)) – should be maintained until the merits of the case are resolved;

2) Neither a temporary restraining order nor a preliminary injunction will adversely affect the public interest, but rather will ensure the public interest is protected by requiring the Tribe to observe Massachusetts health and safety provisions such as the Massachusetts Building Code,

2

and by compelling the Tribe to follow both agreed upon and legally required administrative processes;

3)   A temporary restraining order and a preliminary injunction is necessary to prevent the Town's immediate and irreparable injury, loss, or damage until such time as the Court acts on the cross motions for summary judgment; and

4)   Failure to enjoin the construction and operation of a gaming facility will cause irreparable injury to the Town, outweighing any possible injury to the Tribal defendants resulting from the issuance of a temporary restraining order or a preliminary injunction.

The Town relies on the Affidavit of Leonard Jason, Jr., the Assistant Building Inspector/Zoning Officer for the Town of Aquinnah, and its Memorandum of Law filed in support of this motion.

REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Town requests that the Court grant it a hearing on this motion at the Court's earliest convenience. In its Rule 7.1(a)(2) conference with the Tribe's counsel, the Town agreed to consent to the Tribe's request to have at least forty-eight (48) hours' notice before any hearing. The Town is also content to have all parties participate in any hearing by telephone if the Court deems that appropriate.

The Town also requests that, should an injunction issue, the Court exercise its discretion under Fed. R. Civ. P. 65(c) not to require the Town to post security.

TOWN OF AQUINNAH

By its attorneys,

/s/ Ronald H. Rappaport
Ronald H. Rappaport
    BBO No. 412260
Michal A. Goldsmith
    BBO No. 558971
Reynolds, Rappaport, Kaplan
    & Hackney, LLC
106 Cooke Street, PO Box 2540
Edgartown, MA  02539
(508) 627-3711

Dated:   July 14, 2015

LOCAL RULE 7.1(A)(2) CERTIFICATION

Undersigned counsel certifies that he has conferred with counsel for the other parties pursuant to Local Rule 7.1(a)(2) in a good faith effort to resolve or narrow the issue presented by this motion.

/s/  Ronald H. Rappaport
Ronald H. Rappaport

CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2(b), I hereby certify that this document filed through the ECF system on July 14, 2015 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/  Ronald H. Rappaport
Ronald H. Rappaport

4607-009\Aq Mot Preliminary Injunction Final.doc

5