UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, <br><br> *Plaintiff,* <br><br> and <br><br> AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH, <br><br> *Intervenor-Plaintiffs,* <br><br> **vs.** <br><br> THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION, <br><br> *Defendants.* <br><br> and <br><br> DEVAL PATRICK, in his official capacity as GOVERNOR, COMMONWEALTH OF MASSACHUSETTS, MARTHA COAKLEY, in her official capacity as ATTORNEY GENERAL, COMMONWEALTH OF MASSACHUSETTS, and STEPHEN CROSBY in his official capacity as CHAIRMAN, MASSACHUSETTS GAMING COMMISSION, <br><br> *Third-Party Defendants.* | **CASE NO: 1:13-cv-13286-FDS** <br><br><br> [Formerly Supreme Judicial Court for Suffolk County, Massachusetts, CIVIL ACTION NO. 2013-0479 ] <br><br> **RESPONSE IN OPPOSITION TO PLAINTIFF COMMONWEALTH OF MASSACHUSETTS AND INTERVENOR-PLAINTIFFS/ COUNTERCLAIM-DEFENDANTS TOWN OF AQUINNAH AND AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC.'S MOTION FOR ENTRY OF FINAL JUDGMENT** |

Defendants[1] Counterclaimants Wampanoag Tribe of Gay Head (Aquinnah) and the Aquinnah Wampanoag Gaming Corporation (collectively "Tribe"), hereby respond to the Motion for Entry of Final Judgment (Doc. 155) ("Motion") filed by Plaintiff Commonwealth of Massachusetts ("Commonwealth") and Intervenor-Plaintiffs/Counterclaim-Defendants Town of Aquinnah ("Town") and Aquinnah/GayHead Community Association, Inc. ("AGHCA") (collectively referred to as "Movants").

The Tribe has one procedural objection and three substantive objections to the Movants' Proposed Form of Final Judgment. Attached as Exhibit "1" is an Alternative Proposed Form of Final Judgment that reflects the changes needed to meet the Tribe's concerns. These proposed changes are intended only to have the Form of Final Judgment correctly reflect the substantive rulings made by this Court, and are not in any way to be construed as a change in the Tribe's legal position that this Court erred in its rulings against the Tribe.

First, the Movants' Motion and Proposed Form of Final Judgment fail to address the Tribe's claims against Third Party Defendants Charlie Baker, Maura Healey and Stephen Crosby. The failure to include the dismissal of those claims in the Movants' Proposed Form of Final Judgment renders the document to be less than a final judgment, as it leaves claims unresolved. Accordingly, the Tribe proposes that this issue be addressed and resolved by revising paragraph 2 of Movants' Proposed Form of Final Judgment to read:

---

[1] Although Plaintiffs named the Wampanoag Tribal Council of Gay Head, Inc. as a party defendant, alleging that Defendant Wampanoag Tribe of Gay Head (Aquinnah) "includes" Wampanoag Tribal Council of Gay Head, Inc., which no longer exists, Defendants deny that allegation, but if such allegation is true, and Defendant Wampanoag Tribe of Gay Head (Aquinnah) has the capacity for pleading on behalf of Wampanoag Tribal Council of Gay Head, Inc., then this pleading shall also be considered to be filed on behalf of Wampanoag Tribal Council of Gay Head, Inc.

Judgment is hereby entered in favor of the Commonwealth, ***Third Party-Defendants Charles Baker, Maura Healy, and Stephen Crosby***, the Town, and the AGHCA, and against the Tribe, as to the Tribe's counterclaims for a declaratory judgment, for the same reasons;

When legal counsel for the Tribe was first approached by legal counsel for the Commonwealth on December 8, 2015 to meet and confer regarding the final judgment in this case, counsel for the Commonwealth raised the need to ensure that the form of final judgment covered the Tribe's claims against Third Party Defendants. Counsel for the Tribe responded that, subject to review of the actual proposed language, the Tribe did not object to resolution of the claims against the Third Party Defendants being included in the final judgment. Counsel for the Tribe also at that time informed counsel for the Commonwealth and other Defendants that the Tribe intended to seek reconsideration (Doc. 152). When the Tribe was approached by counsel for the Commonwealth and other Defendants on December 29, 2015, after this Court's denial of the Tribe's Motion for Reconsideration (Doc. 153), it was done in the context of an email sent a mere two hours before the Movants' Motion was filed, the email failed to inform the Tribe that filing of the Movants' Motion was imminent, and the email provided no time to properly respond. Despite the fact that the December 29, 2015 email is not in compliance with the meet and confer requirement of the Local Rules, and despite the fact that legitimate meet and confer efforts would likely have resolved this detail before submission of the Movants' Motion, the Tribe proposes that the matter be resolved by inclusion of the proposed language set forth above.

Second, the Proposed Order fortuitously references the Proposed Form of Final Judgment as being consistent with this Court's July 28, 2015 Order issuing a Preliminary Injunction and this Court's November 13, 2015 Order on cross-motions for summary judgment. This Court issued four Orders addressing substantive issues, not simply the two referenced in the Movant's

Proposed Form of Final Judgment. The July 1, 2014 Order (Doc. 31) (denying Motion to Remand) and the February 7, 2015 Order (Doc. 95) (addressing jurisdictional motions to dismiss) should also be referenced. The Tribe proposes that all four Orders be referenced. Doing so will properly inform the First Circuit Court of Appeals of the entirety of this Court's substantive reasoning. Accordingly, the Tribe proposes that this issue be addressed and resolved by revising the introduction and paragraph 1 of Movants' Proposed Form of Final Judgment to read:

> Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and consistent with the Court's ***July 1, 2014 Order denying Motion to Remand, Dkt. 31, the Court's  February 7, 2015 Order addressing jurisdictional motions to dismiss, Dkt. 95, the Court's*** July 28, 2015 Order entering a preliminary injunction, Dkt. 140, and the Court's Memorandum and Order on Motions for Summary Judgment, dated November 13, 2015 (Dkt. 151),
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
>
> 1. Judgment is hereby entered in favor of Plaintiff Commonwealth of Massachusetts ("the Commonwealth") and Intervenor-Plaintiffs/Counterclaim-Defendants Town of Aquinnah ("the Town") and the Aquinnah/Gay Head Community Association, Inc. ("the AGHCA"), and against Defendants/Counterclaim-Plaintiffs the Wampanoag Tribe of Gay Head (Aquinnah), the Wampanoag Tribal Council of Gay Head, Inc., and the Aquinnah Wampanoag Gaming Corporation (together, "the Tribe"), as to claims for breach of contract and declaratory judgment brought by the Commonwealth, the Town, and the AGHCA, for the reasons set forth in this Court's ***July 1, 2014 Order (Dkt. 31) ("Remand Order" ), February 7, 2015 Order (Dkt. 95) ("Jurisdiction Order"),*** July 28, 2015 Order entering a preliminary injunction (Dkt. 140) ("Preliminary Injunction Order"), and November 13, 2015 Memorandum and Order on Motions for Summary Judgment (Dkt. 151) ("Summary Judgment Order");

Third, paragraphs 3-5 of Movants' Proposed Form of Final Judgment are redundant to and/or covered by paragraphs 1 and 2. Specifically, paragraph 3 overreaches in declaring the "Settlement Agreement" to be valid and enforceable. Only the contractual provisions regarding gaming and waiver of sovereign immunity have been addressed by this Court, and not the

enforceability and/or validity of the "Settlement Agreement" as a whole. Accordingly, the Tribe proposes that paragraphs 3-5 of the Proposed Form of Final Judgment be struck.

Finally, the Movants' Motion is out of order. This Court has entered its Order dismissing all claims (Doc. 154). That Order disposes of all claims regarding all parties. For Movants to seek modification or relief from that Order, they must seek relief under Fed. R. Civ. P. 59 (New Trial, Altering or Amending a Judgment), or Fed. R. Civ. P. 60 (Relief from a Judgment or Order).

For the reasons stated above, the Movants' Motion should be denied. Alternatively, if granted, the Proposed Form of Final Judgment should reflect the proposed changes as set forth in the Alternative Form of Final Judgment attached hereto as Exhibit "1".

DATED: January 3, 2016.                    RESPECTFULLY SUBMITTED,


                                           */s/ Scott Crowell*
                                           SCOTT CROWELL *(pro hac vice)*
                                           TRIBAL ADVOCACY GROUP LLP
                                           1487 W. State Route 89A, Suite 8
                                           Sedona, Arizona, 86336
                                           Telephone: 425-802-5369
                                           Facsimile: 509-290-6953

                                           BRUCE SINGAL   (BBO #464420)
                                           ELIZABETH MCEVOY   (BB) # 683191)
                                           DONOGHUE, BARRETT & SINGAL
                                            One Beacon Street,  Suite 1320
                                           Boston, MA 02108-3106
                                           Telephone: 617-720-5090
                                           Facsimile 617-720-5092

LAEL R. ECHO-HAWK (*pro hac vice*)
GARVEY SHUBERT BARER
1191 Second Ave. 18th Floor
Seattle, Washington 98101
Telephone: 206-816-1355
Facsimile: 206-414-0125

*Attorneys for Defendants/Counterclaim-Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Scott Crowell, hereby certify that I filed through the ECF System and therefore copies of AQUINNAH'S RESPONSE TO MOTION FOR ENTRY OF FINAL JUDGMENT will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent, via first-class mail, to those indicated as non-registered participants.

Dated: January 3, 2015.

                                    */s/ Scott Crowell*
                                    SCOTT CROWELL