# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Plaintiff, and <br><br> ACQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION, <br><br> Defendants/Counterclaim-Plaintiffs, and <br><br> CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts, MAURA T. HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and CATHY JUDD-STEIN, in her official capacity as Chair of the Massachusetts Gaming Commission, <br><br> Third Party Defendants. | No. 1:13-CV-13286-FDS |

DECLARATION OF JAMES NEWMAN IN SUPPORT OF
THE TOWN OF AQUINNAH'S
MOTION FOR ENTRY OF FINAL JUDGMENT

I, James Newman, hereby declare as follows:

1. I am a Selectman in the Town of Aquinnah.

2. I submit this declaration based on personal knowledge.

3. I am familiar with the Wampanoag Tribe of Gay Head (Aquinnah)'s (the "Tribe") plan to construct and operate a Class II gaming facility in the Town of Aquinnah (the "Town").

4. The Tribe has recently commenced site preparations for the construction of a gaming facility in the Town. Over the past week, I have observed construction vehicles traveling to and from the former Weiner property, the location in the Town where the Tribe has stated it plans to construct its gaming facility. I have also seen that the Tribe has cleared the property in preparation for construction.

5. The Tribe informed me and others that it plans to commence construction of its gaming facility when the site cleared and ready for construction. Based on my conversations with the Tribe and my own personal observations of the progress the Tribe has made preparing the land for construction, it would appear as if construction is imminent.

6. The Tribe has not sought or received any permits from the Town of Aquinnah in connection with the construction of its facility, including but not limited to a building permit.

7. The Tribe has informed me that in its view it has no obligation to obtain a building or any other permit from the Town in connection with its planned casino development.

8. The Tribe has not allowed the Town of Aquinnah's building inspector to inspect its plans for the facility or to enter the construction site.

9. The Tribe has not received approval from the Martha's Vineyard Commission for its gaming facility project, even though in my view and that of the Commission, the Commission's approval is necessary for any project like this one. The Tribe has informed me

that it does not believe it needs the approval of the Commission, and that it does not intend to seek out any such approval unless ordered to do so by a court.

10. I am unaware as to whether the Tribe has reached out to any federal entities with respect to the design of the proposed facility, its environmental impact, or its compliance with generally applicable health and safety regulations. Furthermore, I am unaware as to whether the federal government had engaged in any oversight of the Tribe's project.

11. If the Tribe is allowed to construct a gaming facility without receiving all necessary permits from the Town, the Town will have no way of ensuring that the Tribe's construction methods will be safe and of sufficiently low environmental impact. The Town will also have no way of ensuring that the Tribe's facility will be safe for the natural environment, the Tribe's customers and employees, abutters, and all other Aquinnah visitors and residents.

I declare under penalty of perjury that the foregoing is true and correct.

*James Newman*

Dated: March 26, 2019

2