# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

    *Plaintiff*,

AQUINNAH/GAY HEAD COMMUNITY
ASSOCIATION, INC., and TOWN OF AQUINNAH,

    *Intervenor-Plaintiffs/Counterclaim-Defendants*,

v.

THE WAMPANOAG TRIBE OF GAY HEAD
(AQUINNAH), THE WAMPANOAG TRIBAL
COUNCIL OF GAY HEAD, INC., and THE
AQUINNAH WAMPANOAG GAMING
CORPORATION,

    *Defendants/Counterclaim-Plaintiffs*,

v.

CHARLES D. BAKER, in his official capacity as
GOVERNOR, COMMONWEALTH OF
MASSACHUSETTS, et al.,

    *Third-Party Defendants.*

Civil Action
No. 13-13286-FDS

## INTERVENOR-PLAINTIFF/COUNTERCLAIM-DEFENDANT AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC.'S MEMORANDUM IN SUPPORT OF INTERVENOR-PLAINTIFF/COUNTERCLAIM DEFENDANT THE TOWN OF AQUINNAH'S MOTION FOR ENTRY OF FINAL JUDGMENT

On April 4, 2019, the Town of Aquinnah ("the Town") filed a motion for entry of final judgment.  Dkt. 180.  In that motion, the Town requested that the Court enter final judgment consistent with the First Circuit's decision in *Massachusetts v. Wampanoag Tribe of Gay Head (Aquinnah)*, 853 F.3d 618 (1st Cir. 2017), and this Court's prior determination that the Tribal Defendants[1] must comply with generally applicable permitting requirements of the Town and the Commonwealth of Massachusetts ("the Commonwealth").  *See* Dkt. 180 at 1; Dkt. 180-01. Specifically, the Town requested that the Tribal Defendants be:

> permanently enjoined and restrained from constructing any gaming facility at any location within the Town of Aquinnah … without first complying with all generally applicable permitting requirements of the Town of Aquinnah and the Commonwealth of Massachusetts, including but not limited to all building permit requirements of the Town of Aquinnah.

Dkt. 180-01 ¶ 3.  The Aquinnah/Gay Head Community Association, Inc. ("the AGHCA") files this memorandum in support of the Town's motion.

On May 28, 2015, the parties filed cross-motions for summary judgment relating to the question whether the Tribal Defendants are required to comply with state and local laws and regulations governing gaming, or whether the Indian Gaming Regulatory Act ("IGRA") superseded state and local jurisdiction over gaming.  Dkts. 112-113, 116-117, 119-121.

While the motions for summary judgment were pending, the Town filed a motion for a preliminary injunction and/or temporary restraining order against the Tribal Defendants— supported by a sworn affidavit from the Town's assistant building inspector and sworn deposition testimony from then-Chairman of the Tribe, Tobias Vanderhoop—after learning that the Tribal Defendants planned to commence construction of a gaming facility on the Settlement

---

[1]      "Tribal Defendants" refers collectively to the Wampanoag Tribe of Gay Head (Aquinnah), the Wampanoag Tribal Council of Gay Head, Inc., and the Aquinnah Wampanoag Gaming Corporation.

Lands without complying with the Town's non-gaming-related permitting requirements. *E.g.*, Dkt. 125 at 2-3, 8; Dkt. 125-05; Dkt. 126; Dkt. 127.[2] This Court granted the Town's motion, ordering that the Tribal Defendants be "enjoined and restrained from commencing or continuing construction of a gaming facility … without first complying with the permit requirements of the Town of Aquinnah[.]" Dkt. 140 at 2. In granting the preliminary injunction, the Court explained that the Tribal Defendants needed to comply with the Town's permitting requirements ***regardless of the outcome on the gaming issue***. *E.g.*, Dkt. 142 at 36:14-17 ("The rules are that you need a building permit to construct a building, and, again, as I see it, that requirement will remain in place *regardless of the outcome of the gaming aspect of this case*[.]" (emphasis added)); *id.* at 37:3-9 ("*[U]nder either scenario*, if the tribe is going to do any work on the building, construction work, it's going to have to obtain a building permit and comply with all of the construction and wiring and plumbing code requirements and to permit inspections and to obtain an occupancy permit before opening it to the public." (emphasis added)); *id.* at 37:15-18 ("Again, even if I were to rule, and I express no opinion[,] that the town has no choice but to permit gaming, it nonetheless can require that the appropriate permits be obtained.").

After summary judgment disposed of the remaining claims in the case, the Court entered final judgment. Dkt. 158. As part of that final judgment, the Court memorialized and finalized its preliminary injunction ruling on the permitting issue as a permanent injunction and declaratory judgment. *Id.* Specifically, the Court's final judgment precluded the Tribal Defendants from constructing or opening a gaming facility "without complying with … any pertinent state and local permitting requirements." *Id.* ¶¶ 3-4.

---

[2]     The AGHCA also filed a memorandum in support of the Town's motion for a preliminary injunction and/or temporary restraining order. Dkt. 128.

The Tribal Defendants appealed the Court's judgment.  Dkt. 159.  On appeal, the Tribal Defendants limited their briefing to three issues, all related to the gaming issue, namely: (1) whether IGRA applied to the Settlement Lands; (2) whether IGRA effected an implied repeal of the gaming portions of the Massachusetts Indian Land Claims Settlement Act, 25 U.S.C. §§ 1771 *et seq.* ("Federal Act"); and (3) whether this Court erred in denying the Tribal Defendants' motion to dismiss for failure to join the National Indian Gaming Commission as a party.  *See, e.g.*, Case No. 16-1137, Tribal Defendants' Opening Br. at 2 (1st Cir. May 28, 2016).  Notably, the Tribal Defendants ***did not argue*** in the First Circuit that this Court's ruling on the permitting issue should be reversed.  *See, e.g.*, *Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 46-47 (1st Cir. 2014) (arguments not raised in opening brief on appeal are waived).

Accordingly, the First Circuit's opinion addressed whether IGRA applies to the Settlement Lands and whether IGRA impliedly repealed the gaming aspects of the Federal Act, answering both of those questions affirmatively.  *Wampanoag Tribe*, 853 F.3d at 624, 627.  Consistent with the Tribal Defendants' failure to raise any argument relating to the permitting issue on appeal, the First Circuit's decision did not address the permitting issue.  *See generally id.*

The Town's proposed final judgment effectuates both the First Circuit's decision on the gaming issue and this Court's ruling on the permitting issue.  The First Circuit's reversal on the gaming issue does not disturb this Court's ruling on the permitting issue, which the Court recognized was independent of the outcome on the gaming issue.  Dkt. 142 at 36:14-17.  Indeed, this Court's prior ruling made clear that the Tribal Defendants would be required to comply with the Town's permitting requirements even if the Tribal Defendants won on the gaming issue.  *Id.*

at 36:14-37:9, 37:15-18; *see also id.* at 37:10-14 (noting that Town's permitting requirements were "requirements of general applicability" that "apply to all structures").

Moreover, in expressly stating that the permitting ruling applied irrespective of the gaming issue's outcome, the Court put the Tribal Defendants on notice that they needed to raise the permitting issue on appeal—independently of the gaming issue—if they disagreed with the Court's permitting ruling. Nevertheless, the Tribal Defendants failed to do so, thereby forfeiting their right to challenge this Court's ruling on that issue. *See United States v. Matthews*, 643 F.3d 9, 12-13 (1st Cir. 2011) (where issue "could have been[] decided on an earlier appeal," the party "'is deemed to have forfeited any right to challenge that particular decision at a subsequent date'").

## CONCLUSION

For the reasons set forth above and explicated more fully in the Town's memorandum in support of its motion for entry of final judgment, the Court should grant the Town's motion and enter the Town's proposed final judgment.

AQUINNAH/GAY HEAD COMMUNITY
ASSOCIATION, INC.

By its attorneys,

April 4, 2019           /s/ Felicia H. Ellsworth
Felicia H. Ellsworth (BBO# 665232)
Claire M. Specht (BBO# 687952)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
Felicia.Ellsworth@wilmerhale.com
Claire.Specht@wilmerhale.com

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 5.2(b), I hereby certify that this document filed through the ECF system on April 4, 2019, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

 /s/ Felicia H. Ellsworth
Felicia H. Ellsworth