UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

The COMMONWEALTH OF )
MASSACHUSETTS, )
 )
      *Plaintiff*, )
 )
and )
 )
The AQUINNAH/GAY HEAD COMMUNITY )
ASSOCIATION, INC. (AGHCA) and )
TOWN OF AQUINNAH, )
 )
      *Intervenor/Plaintiffs*, )
 )
v. ) No: 1:13-cv-13286-FDS
 )
The WAMPANOAG TRIBE OF GAY ) **LEAVE TO FILE GRANTED**
HEAD (AQUINNAH), et al., ) **ON MAY 6, 2019**
 )
      *Defendants* )
 )
and )
 )
CHARLES D. BAKER, in his official capacity as )
GOVERNOR, COMMONWEALTH OF )
MASSACHUSETTS, et al. )
 )
      *Third-Party Defendants.* )
_____ )

**COMMONWEALTH OF MASSACHUSETTS' REPLY TO WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH)'S RESPONSE IN OPPOSITION TO THE TOWN OF AQUINNAH'S MOTION FOR ENTRY OF FINAL JUDGMENT**

The original plaintiff in this action, the Commonwealth of Massachusetts and the Individual Third-Party Defendants (collectively, Commonwealth), reply herein to the Response in Opposition to the Town of Aquinnah's Motion for Entry of Final Judgment filed by the defendants, Wampanoag Tribe of Gay Head (Aquinnah) and Aquinnah Wampanoag Gaming Corporation (collectively, Tribe). *See* Document #185. The Commonwealth files this reply to note its objection to the order for permanent injunctive relief requested by the Tribe. Insofar as that requested order pertains to the Commonwealth, it would provide that, "[t]he Commonwealth of Massachusetts … [is] permanently enjoined from asserting jurisdiction over, or interfering with, the Tribe's rights under the Indian Gaming Regulatory Act." *See* Document #185, at 20. This proposed order should not enter against the Commonwealth because: (1) no claim for injunctive relief against the Commonwealth remains in this case; and (2) even if one did (or even if an order were to be entered against the individual third-party Commonwealth defendants), the requested order is overly broad, implicating important concerns of state sovereignty recognized by this Court when it ruled on motions to dismiss in 2015.

  A. <u>This Court dismissed the Tribe's claims against the Commonwealth</u>.

Shortly after removing the case to this Court and defeating the Commonwealth's motion to remand, the Tribe answered the Commonwealth's complaint and interposed counter- and third-party claims against the Commonwealth and three individual Commonwealth defendants in their official capacities: The Governor, the Attorney General, and the Chair of the Massachusetts Gaming Commission. *See* Documents ##57, 74. The Commonwealth and the Third-Party Commonwealth Defendants moved to dismiss these claims on the basis of sovereign and 11th Amendment immunity. *See* Documents ## 76, 77. On March 27, 2015, in an omnibus ruling, this Court dismissed all counterclaims against the Commonwealth. *See* Document #95 at 24-29.

The Tribe did not appeal from this ruling.  *See* Notice of Appeal, Document #159.  Thus, because no claim remains against the Commonwealth, either for declaratory or injunctive relief, the Tribe's requested permanent injunction may not be entered against it.

      B.  <u>The Tribe's Requested Injunction is Overly Broad</u>.

In its motion to dismiss the Tribe's counter- and third-party claims, the Commonwealth argued that the injunction being sought by the Tribe at that time was overly broad because – even if the Tribe prevailed in its argument that the Indian Gaming Regulatory Act (IGRA) permitted the gaming activities in which it sought to engage – the requested injunction would prohibit core Commonwealth exercises of regulatory and police clearly outside the reach of IGRA, such as managing an environmental disaster near the planned gaming establishment or granting a license to a competing gaming establishment in accordance with the Commonwealth's own gaming law.  *See* Document #95, at 32.  This Court viewed the Commonwealth's objection to the scope of the proposed injunction as "premature" and noted that, "[i]f the Court does grant any injunctive relief, it can limit or shape that remedy as principles of equity and proper respect for federal-state relations may require."  *See* Document #95, at 32.[1]

The Commonwealth is unaware of the planned scope or details of the Tribe's intended project.  The Tribe may undertake an activity connected to its planned gaming establishment that falls outside the jurisdictional reach of IGRA and triggers Commonwealth regulatory jurisdiction, such as the offer of water transportation from the mainland to the gaming establishment and placement of a wharf in Commonwealth waters.  *See*, *e.g., Building Inspector and Zoning Officer of Aquinnah v. Wampanoag Aquinnah Shellfish Hatchery Corp.*, 443 Mass. 1, 16-17, 818 N.E.2d. 1040, 1051 (2004) (in Settlement Act, Tribe waived its sovereign

---

[1] The Court pointed out that any such relief would enter, if at all, only against the individual third-party defendants, as claims against the Commonwealth were to be dismissed.  *Id.* at 31.

immunity to enforcement of state and local land-use regulations with respect to Settlement Lands).  Under the 1983 Settlement Agreement, with a few specific exceptions, the Commonwealth retained its authority over the Tribe's use of the Settlement Lands.  Even if some portion of that retained authority was later supplanted by IGRA, the Commonwealth's authority over non-gaming operations on those lands remains undisturbed.  This Court should not enter a broad and permanent injunction that would block the Commonwealth and its officers from exercising their sovereign authority to protect citizens and natural resources in the future.

## CONCLUSION

For the reasons, the Tribe's requested order should not be entered against the Commonwealth or the Individual Third-Party Commonwealth Defendants.

Respectfully submitted,

THE COMMONWEALTH OF MASSACHUSETTS
and INDIVIDUAL THIRD-PARTY
COMMONWEALTH DEFENDANTS,

By and through their attorney,

MAURA HEALEY
ATTORNEY GENERAL

*/s/ Juliana deHaan Rice*_____
Juliana deHaan Rice (BBO # 564918)
Assistant Attorney General
Government Bureau
Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2583
Juliana.Rice@state.ma.us

Dated:  May 6, 2019

## **CERTIFICATE OF SERVICE**

      I, Juliana deHaan Rice, hereby certify that on this 6th day of May, 2019, I filed the foregoing document through the Electronic Case Filing (ECF) system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent, via first-class mail, to those indicated as non-registered participants.

*/s/ Juliana deHaan Rice*