UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| The COMMONWEALTH OF MASSACHUSETTS,<br><br>*Plaintiff*,<br><br>and<br><br>The AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH,<br><br>*Intervenor/Plaintiffs*,<br><br>v.<br><br>The WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), et al.,<br><br>*Defendants*<br><br>and<br><br>CHARLES D. BAKER, in his official capacity as GOVERNOR, COMMONWEALTH OF MASSACHUSETTS, et al.<br><br>*Third-Party Defendants.* | No: 1:13-cv-13286-FDS |

**COMMONWEALTH OF MASSACHUSETTS' MOTION TO ALTER OR AMEND OR, IN THE ALTERNATIVE, CORRECT THE JUNE 19, 2019, AMENDED FINAL JUDGMENT**

In accordance with Fed. R. Civ. P. 59(e), the Commonwealth of Massachusetts respectfully moves to alter or amend the Amended Final Judgment entered by this Court on June 19, 2019 (Document #201) by deleting the reference in Paragraph 5 to the entry of a permanent injunction against the Commonwealth because no claim for injunctive relief against the Commonwealth remains in the case.

1

Alternatively, the Commonwealth requests that the Amended Final Judgment be corrected in the same respect in accordance with Fed. R. Civ. P. 60(a). The basis for this motion is explained below.[1]

In Paragraph 5 of the Amended Final Judgment, the Court entered an injunction against the Commonwealth of Massachusetts and the Town of Aquinnah "permanently enjoin[ing] and restrain[ing] [them] from enforcing the Gaming Laws against the Tribe on Settlement Lands." See Dkt. #201, page 4, ¶ 5. At the time of the Amended Final Judgment, however, there was no live claim for an injunction against the Commonwealth. Though the Tribe originally counterclaimed against the Commonwealth seeking such an injunction, that counterclaim was later dismissed and the Tribe did not appeal the dismissal.

Specifically, shortly after removing the case to this Court and defeating the Commonwealth's motion to remand, the Tribe answered the Commonwealth's complaint and interposed counterclaims against the Commonwealth. See Tribe's Answer to Complaint, Affirmative Defenses, and Counterclaim to Complaint of the Commonwealth of Massachusetts (Dkt. #57) at 13, ¶¶ 104-106 (Aug. 27, 2014). The Commonwealth moved to dismiss this counterclaim on the basis of sovereign and Eleventh Amendment immunity. See Plaintiff, Commonwealth of Massachusetts', Motion to Dismiss Defendants' Counterclaims (Dkt. #76) (October 27, 2014);

---

[1] The Tribe filed its notice of appeal from the Amended Final Judgment on June 28, 2019. See Dkt. # 202. Nonetheless, the Court should consider and grant the Commonwealth's motion because it has been timely brought. See Fed. R. Civ. P. 59(e) (28-day period to file motion to alter or amend a judgment); Fed. R. App. P. 4(a)(4)(A)(iv) (timely filing of motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) tolls time to file appeal until motion is disposed); Fed. R. App. P. 4(a)(4)(A)(vi) (filing of motion under Fed. R. Civ. P. 60 within 28 days of entry of judgment tolls time to file appeal until motion is disposed).

Plaintiff, Commonwealth of Massachusetts', Memorandum of Reasons in Support of its Motion to Dismiss Defendants' Counterclaims (Dkt. #77) (October 27, 2014).  On March 27, 2015, in an omnibus ruling, this Court dismissed all counterclaims against the Commonwealth.  See Memorandum and Order on Motions to Dismiss (Dkt. #95) at 29 ("Accordingly, the Tribe's counterclaims against the Commonwealth will be dismissed on the basis of sovereign immunity.") (February 25, 2015).  The Tribe did not appeal from this ruling.  See Tribe's Notice of Appeal, Dkt. ##159).  Because the Tribe's counterclaims against the Commonwealth were dismissed, the Court cannot enter a permanent injunction against the Commonwealth based on those counterclaims now and, consequently, should alter or amend the Amended Final Judgment to reflect that.

In the alternative, for the same reasons, the Court should correct the Amended Final Judgment by deleting the reference to the permanent injunction against the Commonwealth.  See Fed. R. Civ. P. 60(a).  Counsel for the Commonwealth notified this Court of the absence of any counterclaim against it in its Reply to Wampanoag Tribe of Gay Head (Aquinnah)'s Response to the Town of Aquinnah's Motion for Entry of Final Judgment (Dkt. # 198) at 2-3 (May 6, 2019).  Counsel for the Commonwealth restated this fact on the record at this Court's May 31, 2019, hearing.  The absence of a live counterclaim against the Commonwealth is not a matter of dispute: The Tribe admitted as much in its Sur-Reply in Opposition to Town of Aquinnah's Motion for Entry of Judgment (Dkt. # 196) at 10.  The Court's inclusion of the Commonwealth in the permanent injunction of Paragraph 5 of the Amended

Final Judgment is, therefore, a clerical mistake, oversight, or omission, which should be corrected through the mechanism provided by Fed. R. Civ. P. 60(a).

*   *   *

In sum, because there was no remaining claim for injunctive relief against the Commonwealth of Massachusetts at the time the Amended Final Judgment was entered, there is no legal basis for that judgment to include an injunction running against the Commonwealth.  See Winter v. Nat'l Resources Defense Council, 555 U.S. 7, 32-33 (2008) (success on the merits of underlying claim, at least, is required for entry of permanent injunction).  Therefore, that injunction should be deleted from the Amended Final Judgment.

                        Respectfully submitted,

                        THE COMMONWEALTH OF MASSACHUSETTS,

                        By and through its attorney,

                        MAURA HEALEY
                        ATTORNEY GENERAL

                        */s/ Juliana deHaan Rice*
                        Juliana deHaan Rice (BBO # 564918)
                        Assistant Attorney General
                        Government Bureau
                        Office of Attorney General Maura Healey
                        One Ashburton Place
                        Boston, MA 02108-1698
                        (617) 963-2583
                        Juliana.Rice@state.ma.us

Dated: July 2, 2019

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

Undersigned counsel certifies that, pursuant to Local Rule 7.1(a)(2), she has conferred with counsel for all parties and has attempted in good faith to resolve or narrow the issues presented in this motion. Co-plaintiffs Town of Aquinnah and the Aquinnah Gay Head Community Association assent to this motion while defendants Wampanoag Tribe of Gay Head (Aquinnah) and Aquinnah Wampanoag Gaming Corporation do not assent.

*/s/ Juliana deHaan Rice*

**CERTIFICATE OF SERVICE**

I, Juliana deHaan Rice, hereby certify that on this 2nd day of July, 2019, I filed the foregoing document through the Electronic Case Filing (ECF) system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent, via first-class mail, to those indicated as non-registered participants.

*/s/ Juliana deHaan Rice*