UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, | **CASE NO: 1:13-cv-13286-FDS** |
| *Plaintiff,* | |
| and | [Formerly Supreme Judicial Court for Suffolk County, Massachusetts, CIVIL ACTION NO. 2013-0479 ] |
| AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH, | |
| *Intervenor-Plaintiffs,* | |
| **vs.** | |
| THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION, | |
| *Defendants,* | |
| and | |
| CHARLES BAKER, in his official capacity as GOVERNOR, COMMONWEALTH OF MASSACHUSETTS, *et al.*, | |
| *Third-Party Defendants.* | |

**Tribe's Response in Qualified Opposition to Commonwealth of Massachusetts'
Motion to Alter or Amend or, In the Alternative, Correct the
June 19, 2019 Amended Final Judgment**

Defendants [1] Counterclaimants Wampanoag Tribe of Gay Head (Aquinnah) and the Aquinnah Wampanoag Gaming Corporation ("AWGC") (collectively "Defendants" or "Tribe") submit this qualified opposition to Commonwealth of Massachusetts' (the "Commonwealth" or "State") Motion to Alter or Amend or, In the Alternative, Correct the June 19, 2019 Amended Final Judgment, ECF No. 205 ("Motion to Amend").

## OVERVIEW

The Individual State officials named in their official capacity, third-party defendants Governor Charles D. Baker, Attorney General Maura Healey, and Massachusetts Gaming Commission Chairman Cathy Judd Stein (collectively "State Officials"), are not shielded by the State's Eleventh Amendment Immunity. Accordingly, if the reference to the Commonwealth in Paragraph 5 of the Amended Final Judgment is to be deleted, it should be replaced with the State Officials.

## ARGUMENT [2]

The Commonwealth's Motion to Amend is based on this Court's determination that the Tribe's counterclaims against the Commonwealth are shielded by the Commonwealth's Eleventh Amendment immunity. However, this Court ruled (ECF No. 95 at 29-31) that the State Officials named in their official capacities, the Governor, Attorney General and the Massachusetts Gaming

---

[1] The Wampanoag Tribal Council of Gay Head, Inc., which was named as a party defendant, was an entity created under the laws of the Commonwealth, prior to federal recognition and no longer exists.

[2] The Tribe has appealed this Court's Amended Final Judgment to the First Circuit Appeals Court, ECF No. 202, identifying error to the extent judgment was entered against and enjoining the Tribe from proceeding with the construction, occupancy and operation of its gaming facility unless it complies with all General Regulatory Laws of the Commonwealth and its political subdivisions. Nothing in the qualified opposition to the Commonwealth's Motion to Amend Judgment should be construed as supporting any portions of the Amended Final Judgment against and/or enjoining the Tribe.

Commission Chairman, are not protected by Eleventh Amendment immunity from the Tribe's counterclaims per *Ex Parte Young*, 209 U.S. 123 (1908), and its progeny.

The Commonwealth's motion is overreaching when it seeks an amendment that makes no mention of this Court's jurisdiction over and judgment against the State Officials. As proposed, the Motion to Amend is a backhanded, disingenuous attempt to avoid the fact that this Court's Judgment is binding on the Governor, Attorney General and Massachusetts Gaming Commission Chairman.

The Tribe seeks only prospective equitable relief, which the Commonwealth concedes is available against the named state officials pursuant to *Ex Parte Young*. A state official's conduct does not have to rise to the level of a criminal or civil violation of a federal statute to be the target of injunctive relief. It is sufficient if the state official interferes with, or can be anticipated to interfere with, a plaintiff's federal right. *Timpanogos Tribe v. Conway*, 286 F.3d 1195 (10th Cir. 2002) (injunctive relief sought to stop officials from imposing state hunting, fishing, and gathering regulations on Indian land); *McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 437 (6th Cir. 2000) (suit against Attorney General of Ohio to enjoin enforcement of state laws alleged to violate plaintiff's federal constitutional rights). *See also White Earth Band of Chippewa Indians v. Cnty. of Mahnomen, Minn.*, 605 F. Supp. 2d 1034 (D. Minn. 2009).

Accordingly, if the reference to the Commonwealth in Paragraph 5 of the Amended Final Judgment is to be deleted, the State Officials should be added such that Paragraph 5 reads:

> 5. The Town of Aquinnah, and the individual officials of the Commonwealth named in their official capacities, third-party defendants Governor Charles D. Baker, Attorney General Maura Healey, and Massachusetts Gaming Commission Chairman Cathy Judd Stein are permanently enjoined and restrained from enforcing the Gaming Laws against the Tribe on the Settlement Lands.

Dated: July 15, 2019                                        Respectfully submitted,

/s/ *Scott Crowell*
SCOTT CROWELL (pro hac vice)
CROWELL LAW OFFICE-TRIBAL
ADVOCACY GROUP LLP
Sedona, Arizona, 86336
Telephone: 425-802-5369
Fax: 509-235-5017

BRUCE SINGAL (BBO #464420)
ELIZABETH MCEVOY (BB) # 683191)
DONOGHUE, BARRETT & SINGAL
One Beacon Street, Suite 1320
Boston, MA 02108-3106
Telephone: 617-720-5090
Fax: 617-720-5092

LAEL R. ECHO-HAWK (pro hac vice)
MThirtySix, PLLC
The Yard
700 Pennsylvania Avenue, Second Floor
Washington, D.C. 20003
Telephone: (206) 271-0106
lael@mthirtysixpllc.com

*Attorneys for Defendants/Counterclaim-Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Scott Crowell, hereby certify that I filed through the ECF System and therefore copies of the above-mentioned matter will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent, via first-class mail, to those indicated as non-registered participants.

Dated: July 15, 2019.

/s/ *Scott Crowell*
SCOTT CROWELL