UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br><br>    Plaintiff/Counterclaim-<br>    Defendant,<br><br>and<br><br>THE AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH,<br><br>    Intervenors/Plaintiffs,<br><br>    v.<br><br>THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION,<br><br>    Defendants/Counterclaim-<br>    Plaintiffs,<br><br>    v.<br><br>CHARLES BAKER, in his official capacity as GOVERNOR, COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>    Third-Party Defendants. | **Civil Action No.<br>13-13286-FDS** |

## SECOND AMENDED FINAL JUDGMENT

**SAYLOR, J.**

    Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the Court's July 28, 2015 Order entering a preliminary injunction (Docket No. 140); the Court's November 13, 2015 Order addressing cross-motions for summary judgment (Docket No. 151);

the mandate of the United States Court of Appeals for the First Circuit dated January 5, 2016 (Docket No. 176); and the Court's June 19, 2019 Order on the motion of the Town of Aquinnah for final judgment (filed herewith), it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The following definitions shall apply in this judgment:

    a. The term "the Tribe" shall mean defendants/counterclaim-plaintiffs the Wampanoag Tribe of Gay Head (Aquinnah); the Wampanoag Tribal Council of Gay Head, Inc.; and the Aquinnah Wampanoag Gaming Corporation.

    b. The term "the Governmental and Private Parties" shall mean plaintiff/counterclaim-defendant the Commonwealth of Massachusetts; intervenor-plaintiff/counterclaim-defendant the Town of Aquinnah; intervenor-plaintiff the Aquinnah/Gay Head Community Association, Inc.; and third-party defendants Governor Charles D. Baker, Attorney General Maura Healey, and Massachusetts Gaming Commission Chair Cathy Judd-Stein, all acting in their official capacities.

    c. The term "Settlement Lands" shall mean the "settlement lands," as defined in 25 U.S.C. § 1771f(8), and any other land that may now or hereafter be owned by or held in trust for any Indian tribe or entity in the town of Aquinnah, Massachusetts.

    d. The term "the Gaming Laws" shall mean the laws, regulations, and ordinances of the Commonwealth of Massachusetts and the Town of Aquinnah that prohibit or regulate the conduct of bingo or any other game

of chance.

    e.    The term "the General Regulatory Laws" shall mean the laws, regulations, and ordinances of the Commonwealth of Massachusetts, the Town of Aquinnah, and other state and local governmental authorities other than the Gaming Laws, including but not limited to any state and local permitting requirements.

2. Judgment is hereby entered in favor of the Tribe, and against the Governmental and Private Parties, as to (a) the claims brought by the Governmental and Private Parties, to the extent that they seek relief providing that the Tribe must comply with the Gaming Laws on the Settlement Lands, and (b) the counterclaims and third-party claims brought by the Tribe, to the extent that they seek relief providing that such compliance with the Gaming Laws is not required.

3. Judgment is hereby entered in favor of the Governmental and Private Parties, and against the Tribe, as to (a) the claims brought by the Governmental and Private Parties, to the extent that they seek relief providing that the Tribe is subject to the General Regulatory Laws in connection with the construction, occupancy, and operation of a gaming facility on the Settlement Lands, and (b) the counterclaims and third-party claims brought by the Tribe, to the extent that they seek relief providing that such activities by the Tribe are not subject to the General Regulatory Laws.

4. Judgment is hereby entered declaring that (a) the Tribe may construct, occupy, and operate a gaming facility on the Settlement Lands without complying with the Gaming Laws, and (b) the Tribe's construction, occupancy, and operation of a

gaming facility on the Settlement Lands shall otherwise be subject to the General Regulatory Laws.

5. The Town of Aquinnah is permanently enjoined and restrained from enforcing the Gaming Laws against the Tribe on the Settlement Lands.

6. The Tribe is permanently enjoined and restrained from constructing, occupying, and operating a gaming facility on the Settlement Lands without complying with the General Regulatory Laws.

**So Ordered.**

Dated: July 19, 2019

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge