# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br><br>    Plaintiff/Counterclaim-<br>    Defendant,<br><br>and<br><br>THE AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH,<br><br>    Intervenors/Plaintiffs,<br><br>v.<br><br>THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION,<br><br>    Defendants/Counterclaim-<br>    Plaintiffs,<br><br>v.<br><br>CHARLES BAKER, in his official capacity as GOVERNOR, COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>    Third-Party Defendants. | **Civil Action No.<br>13-13286-FDS** |

## MEMORANDUM AND ORDER ON MOTION <u>TO STAY PENDING APPEAL</u>

**SAYLOR, J.**

Defendants and Counterclaimants The Wampanoag Tribe of Gay Head (Aquinnah) and

The Aquinnah Wampanoag Gaming Corporation (collectively, the "Tribe") have moved,

pursuant to Fed. R. Civ. P. 62(c), for an order staying the final judgment of this Court entered on June 19, 2019, and amended on July 19, 2019, pending appeal to the United States Court of Appeals for the First Circuit. In the alternative, the Tribe seeks a temporary stay to allow sufficient time for the Appeals Court to consider and rule upon a motion from the Tribe pursuant to Fed. R. App. P. 8(a)(1)(A) and (C).

The following four factors apply to a motion for a stay pending appeal: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010); *see also Rio Grande Cmty. Health Ctr., Inc. v. Armendariz*, 792 F.3d 229, 231 (1st Cir. 2015).

Here, the Tribe has not made a strong showing of likely success on the merits, for the reasons set forth in the order of the Court dated June 19, 2019. Furthermore, it has not demonstrated a likely risk of irreparable injury during the pendency of an appeal. Having lost the first appeal, the Town and the Commonwealth cannot simply prevent the Tribe from conducting gaming operations and building a facility to house those operations. But according to this Court's ruling, the Tribe must comply with any rules and regulations---such as obtaining a building permit and demonstrating that the construction complies with applicable codes---that are applicable generally to the construction of any similar commercial facility in the Town of Aquinnah. If the Town somehow applies those requirements in an unfair or discriminatory manner, or otherwise treats the Tribe unfairly, the Tribe can seek appropriate relief from this Court. There is no reason, however, at this stage to assume that the Tribe will be treated in such a manner.

Furthermore, the Tribe has not shown that the balance of equities or the public interest favor a stay.  If construction proceeds subject to normal permitting processes, the resulting facility presumably will be in full compliance with the safety, health, environmental, and other requirements of the Town and the Commonwealth; it is difficult to see how that injures the Tribe in any meaningful respect.  But if the Tribe is permitted to construct a facility without complying with those requirements during the pendency of the appeal, and then loses that appeal, the Town and the Commonwealth will likely find it to be exceedingly difficult, if not impossible, to apply and enforce those requirements after the fact.  And it is obvious that the public interest favors the construction of a facility that complies with the state building code and other basic requirements, including safety, health, and environmental laws, applicable to commercial facilities generally.

Accordingly, and for the foregoing reasons, the motion of The Wampanoag Tribe of Gay Head (Aquinnah) and The Aquinnah Wampanoag Gaming Corporation to stay the judgment and injunction pending appeal is DENIED.

**So Ordered.**

Dated: July 26, 2019

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge