UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS,<br><br>*Plaintiff,*<br><br>and<br><br>AQUINNAH/GAY HEAD COMMUNITY ASSOCIATION, INC. (AGHCA) and TOWN OF AQUINNAH,<br><br>*Intervenor-Plaintiffs,*<br><br>vs.<br><br>THE WAMPANOAG TRIBE OF GAY HEAD (AQUINNAH), THE WAMPANOAG TRIBAL COUNCIL OF GAY HEAD, INC., and THE AQUINNAH WAMPANOAG GAMING CORPORATION,<br><br>*Defendants,*<br><br>and<br><br>CHARLES BAKER, in his official capacity as GOVERNOR, COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>*Third-Party Defendants.* | **CASE NO: 1:13-cv-13286-FDS**<br><br>[Formerly Supreme Judicial Court for Suffolk County, Massachusetts, CIVIL ACTION NO. 2013-0479 ] |

**DECLARATION OF ERIC ROBITAILLE IN SUPPORT OF TRIBE'S EMERGENCY MOTION TO ALTER OR AMEND OR, IN THE ALTERNATIVE, CORRECT THE JULY 19, 2019 SECOND AMENDED FINAL JUDGMENT**

1

I, ERIC ROBITAILLE declare:

1. I am a Construction Project Executive employed by Williams Building Company, Inc, ("Williams") located in the Hyannis, Massachusetts.

2. I have 22 years of experience in the construction industry and 15 years of experience as a Construction Project Manager.

3. I am a resident of the Commonwealth of Massachusetts.

4. Williams Building Company, Inc. provides construction management, pre-construction, design build, general contracting and green energy service throughout New England.

5. The Aquinnah Wampanoag Gaming Corporation ("AWGC") entered into a construction contract with Williams Building Company, Inc. to construct a temporary gaming facility on tribal property located at 10 Black Brook Road, Aquinnah Massachusetts formerly 4 State Road, Aquinnah, Massachusetts.

6. I am the Project Manager for the gaming facility construction site located at 10 Black Brook Road, formerly 4 State Road, Aquinnah, Massachusetts ("Construction Site").

7. Following the June 30, 2019 Court Order, I was instructed to safely secure and shut down the active Construction Site. Due to exposed excavations and in order to ensure compliance with Jackie's Law, 520 CMR 14.00, we determined the most efficient and effective way of safely securing the Construction Site would be to complete the work on the footings and foundation walls. This would ensure no authorized or unauthorized person could fall in an excavation or be harmed by exposed rebar.

8. On July 15, 2019 I was notified by the AWGC that the Town's Building Inspector Lenny Jason would be visiting the site on July 16, 2019 for the purpose of verifying the need to ensure the site is safely secured before shutting it down and to confirm whether the ongoing work is solely related to that purpose.

9. On July 16, 2019, I met with Town of Aquinnah Building Inspector Lenny Jason at the Construction Site. At that meeting, Inspector Jason ordered that all construction activity stop despite open trenches and exposed rebar which, in my professional opinion, violates OSHA standard 29 CFR 1926.701(b) and Jackie's Law, 520 CMR 14.00 . *See* Attachment A, Photos taken by Inspector Jason on July 16, 2019.

10. At 10:30 A.M., July 23, 2019, Tim Williams, Williams Construction Company Owner, Shane McMahon, Williams Construction Company General Site Supervisor, and I met with Town of Aquinnah Building Inspector Jason and Town of Aquinnah Town Administrator Jeffrey Madison. The meeting was to be a discussion between Williams Construction Company and the Inspector to determine what work, if any, should be done to ensure public safety on the Construction Site. However, after I expressed this purpose, Inspector Jason stated that he deems the site safe in its current condition and that any further work required a permit. I stated my concerns that current status of the Construction Site in not in compliance with the requirements of Jackie's Law, 520 CMR 14.00. Inspector Jason did not recognize the reference and asked if Jackie's Law was part of the International Building Code. I responded that it is Massachusetts General Law and provided him with the statute citation. Mr. Williams stated that Williams Construction Company feels strongly that completing the footings and foundation walls would be the safe stopping point for the Construction Site. However, Inspector Jason reiterated his opinion that he deems the Construction Site safe and any additional work would require a permit. Mr. Williams stated that Williams would comply with the stop work order but would not be filing for a permit until the legal proceedings were complete. The meeting concluded at 10:40 A.M., July 23, 2019.

11. Another option for securing the site would be to fence off the entire site. However, due to

the requirement that all construction materials must be shipped on the Steamship Authority, it will take four to six weeks before the necessary fencing material can be shipped to Martha's Vineyard.

12. Despite our best efforts to secure the Construction Site with a fence along the State Road side of the Construction Site with a gate that is locked at all time and no trespassing signs, the attached photos of the Construction Site appeared in the local newspaper on July 18, 2019.  *See* photograph in Attachment B, a true and correct copy of the July 18, 2019 Article in the Martha's Vineyard Times with the headline Tribe Agrees to Halt Construction on Bingo Hall Site. This photo could not have been taken by without having trespassed on the site.

13. It is my professional opinion that construction contractors operating within the Commonwealth of Massachusetts are aware of the requirements of Jackie's Law which requires a construction site to be safely secured in order to protect members of the public from falling into an unattended trench and suffering an injury or fatality which has been in effect since 2009.

14. It is my professional opinion, that all Commonwealth Building Inspectors should have knowledge of and enforce the requirements of Jackie's Law.

15. It is my professional opinion, that to leave the Construction site in its current condition with open trenches and exposed rebar is a violation of Massachusetts General Law, specifically the requirements of Jackie's Law and in violation of OSHA standards.

16. I have personal knowledge of the facts set forth above and if called as a witness, I could and would competently testify to the contents of this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____2____ Day of August, 2019.

                                                ERIC ROBITAILLE, PROJECT EXECUTIVE
                                                WILLIAMS BUILDING COMPANY, INC